## MURRAY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. November 2, 1922.)

No. 5715.

Constitutional law ⬦➾46(1)—Statutes ⬦➾176—Questions of validity and effect of act not decided, unless necessary.

Grave questions, involving the validity of an act of Congress and the effect of one act of Congress on another, will not be decided, unless required by the issues before the court.

In Error to the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Shug Murray was convicted of violating the Hastings Amendment, and brings error. Reversed and remanded for a retrial.

Ed Crossland, of Tulsa, Okl., for plaintiff in error.

C. C. Lydick, Asst. U. S. Atty., of Shawnee, Okl. (John T. Harley, U. S. Atty., of Coalgate, Okl., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and TRIEBER, District Judge.

STONE, Circuit Judge. Plaintiff in error was indicted, with two others, for having intoxicants in his possession within that part of the state of Oklahoma formerly within the Indian Territory in violation of the Act of June 30, 1919, 41 Stat. 4, known as the Hastings Amendment. From a conviction, this writ of error was sued out.

The sole error here urged is the insufficiency of the evidence to sustain the verdict and judgment. We have carefully read the entire evidence and there is not one word of substantial testimony that this plaintiff in error was ever in possession of any of the intoxicants covered by the evidence.

Counsel for the government strongly urge this court to decide whether the Hastings Amendment is valid and whether it was repealed by the National Prohibition Act (41 Stat. 305). The only issue presented by plaintiff in error was the insufficiency of the evidence and we have determined that he is right in that contention. The questions urged by the government for answer, involving, as they do, the validity of an act of Congress and the effect of one act of Congress upon another are too

grave to be settled unless such action be required by the issues of a case brought before the court.

The judgment is reversed and remanded for a retrial.

Judge HOOK joined in the views and conclusions above stated but died before preparation of this opinion.